UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

DAVIE HIGHTOWER,
    Plaintiff,

-vs-                                Case No.
                                      Hon.
                                      **DEMAND FOR JURY TRIAL**

STELLAR RECOVERY, INC.,
    Defendant.

## COMPLAINT & JURY DEMAND

*Plaintiff, Davie Hightower, states the following claims for relief:*

## Jurisdiction

1. This court has jurisdiction under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. The claims presented under the TCPA present federal questions for purposes of 28 U.S.C. §1331.

3. This Court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the federal law claims.

## Parties

4. The Plaintiff is Davie Hightower ("Mr. Hightower" or "Plaintiff"), an

1

individual who resides in Lincoln Park, Michigan.

5. The Defendant is Stellar Recovery, Inc. ("Stellar" or "Defendant"), a foreign corporation doing business in Michigan.

## Venue

6. The transactions and occurrences which give rise to this action occurred in Wayne County, Michigan.

7. Mr. Hightower resides in Wayne County, Michigan.

8. Venue is proper in the Eastern District of Michigan.

## General Allegations

9. In or around September 2011, Mr. Hightower was contacted by Dish Network via telephone.

10. The Dish Network representative told Mr. Hightower that Mr. Hightower's son was acquiring Dish Network services.

11. The Dish Network representative requested Mr. Hightower's credit card and social security number.

12. The Dish Network representative told Mr. Hightower that Dish Network needed this information in case his son did not return the Dish Network equipment at the expiration of his son's contract.

13. Mr. Hightower provided his credit card and social security number to Dish

Network so his son could acquire Dish Network services.

14. Mr. Hightower did not sign any contract with Dish Network, and did not act as a co-signer for his son.

15. In or around May 2013, Stellar was engaged by Dish Network to collect a debt allegedly owed by Mr. Hightower; alternatively, in or around May 2013, Stellar purchased a debt previously held by Dish Network which was allegedly owed by Mr. Hightower.

16. Mr. Hightower did not have a Dish Network account, and did not ever consent to be responsible for a Dish Network account.

17. In spite of the fact that Mr. Hightower owed no money to Dish Network, Stellar targeted Mr. Hightower with its autodialer and prerecorded voice messages, and began calling him on his cellular phone.

18. Mr. Hightower never consented to receive autodialed calls to his cellular phone from Stellar, nor did he consent to receive prerecorded calls to his cellular phone from Stellar.

19. In spite of the fact that he was not responsible for a Dish Network account and did not consent to any communications, Stellar commenced a calling campaign to collect a Dish Network account supposedly owed by Mr. Hightower's son from Mr. Hightower using an automated telephone dialing system and

prerecorded voice messages.

20. Mr. Hightower repeatedly disputed the debt and requested that Stellar cease these calls, but it refused to stop this pattern of abuse, and instead continued to call Mr. Hightower, insisting that he owed money for his son's Dish Network account.

21. When Stellar contacted Mr. Hightower, he frequently heard "clicks" or "dead air" before a Stellar representative picked up.

22. It is upon information and belief that Stellar was using an autodialer and prerecorded voice messages to contact Mr. Hightower.

## **COUNT I – Telephone Consumer Protection Act of 1991 and 47 C.F.R. 16.1200** *et seq.*

23. Mr. Hightower incorporates the preceding allegations by reference.

24. The central business mission of Stellar is the collection of consumer debts using the United States mail service, telephone, telegram or other instrumentatilities of interstate and intrastate commerce.

25. Stellar regularly attempts to collect consumer debts alleged to be due to another.

26. At all times material and relevant hereto, Stellar used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227 (a)(1) and 47 C.F.R. 64.1200(f)(2).

27. Mr. Hightower never gave Stellar permission to call his cellular phone number using an autodialer or to deliver prerecorded voice messages to him on his cell phone.

28. Rather, in nearly every call that Mr. Hightower had with Stellar, Mr. Hightower told Stellar's agents to stop calling him.

29. Stellar's actions to collect from Mr. Hightower violated the provisions of the TCPA, 47 U.S.C. § 227.

30. Stellar's violations of the TCPA were willfull.

31. Mr. Hightower has suffered damages as a result of these violations of the TCPA.

## COUNT II – Michigan Occupational Code ("MOC") as alternative to claims under the Michigan Collection Practices Act ("MCPA")

32. Mr. Hightower incorporates the preceding allegations by reference.

33. Stellar is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

34. Mr. Hightower is a "debtor" as that term is defined in M.C.L. § 339.901(f).

35. Stellar's actions to collect from Mr. Hightower violated the MOC including, but not limited to the following, M.C.L. § 339.915.

36. These violations of the MOC were willful.

37. Mr. Hightower suffered damages as a result of these violations of the MOC.

## COUNT III – Michigan Collection Practices Act ("MCPA") as alternative to claims under the Michigan Occupational Code ("MOC")

38. Mr. Hightower incorporates the preceding allegations by reference.

39. Stellar is a "regulated person" under the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251(g).

40. Mr. Hightower is a "debtor" as that term is defined in the MCPA § 445.251(d).

41. Stellar's actions to collect from Mr. Hightower violated the MCPA including, but not limited to the following, M.C.L. § 445.252.

42. These violations of the MCPA were willful.

43. Mr. Hightower suffered damages as a result of these violations of the MCPA.

## Demand for Jury Trial

44. Mr. Hightower demands trial by jury in this action.

## Demand For Judgment for Relief

45. *Accordingly, Plaintiff Mr. Hightower requests that the Court grant:*

   a. *Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.*

   b. *Statutory damages.*

   c. *Treble damages.*

   d. *Statutory costs and attorney's fees.*

   e. *Equitable relief under the statutes and common law, in the form of a*

*declaration that the amounts sought by Defendant are not actually owed and an injunction prohibiting further collection of those amounts.*

       Respectfully Submitted,


       <u>By:  s/ Michael J. Bonvolanta</u>
       Michael J. Bonvolanta (P-80038)
       LYNGKLIP & ASSOCIATES
       CONSUMER LAW CENTER, PLC
       Attorney For Davie Hightower
       24500 Northwestern Highway, Ste. 206
       Southfield, MI 48075
       (248) 208-8864
       MichaelB@MichiganConsumerLaw.Com

Dated: April 19, 2016